

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-24-00027-CR

ABDUL SHIRZAD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Criminal Court No. 1
Tarrant County, Texas
Trial Court No. 1757942, Honorable Brent Carr, Presiding

December 10, 2024

MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Abdul Shirzad, appeals[1] from his conviction for indecent assault,[2] challenging the competency of his court-appointed interpreter. After the jury found Shirzad guilty, the trial court sentenced him to 90 days in jail, probated for 15 months, plus a $500 fine. Because we find no abuse of discretion in the steps the trial court took

___

[1] This cause was originally filed in the Second Court of Appeals and was transferred to this Court by a docket-equalization order of the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001. In the event of any conflict, we apply the transferor court's case law. TEX. R. APP. P. 41.3.

[2] *See* TEX. PENAL CODE ANN. § 22.012(b).

to ensure Shirzad could understand the proceedings and assist in his defense, we overrule Appellant's sole issue on appeal and affirm the judgment.

## Background

Appellant, who moved to the United States from Afghanistan in 2021, speaks Dari and has minimal English proficiency. He was the complainant's neighbor. In October 2022, the complainant alleged that Appellant sexually assaulted her in her apartment by forcibly kissing her neck, touching her breast, and attempting to grab her vagina. The next day, Appellant sent her a text message apologizing and attributing his conduct to cultural differences.

Before trial, the trial court had appointed a certified Farsi interpreter for Appellant. During Appellant's arraignment, however, concerns arose about the translation's quality. The trial court stated it was "uncomfortable proceeding under these circumstances and lack[ed] confidence that [Appellant] could obtain a fair trial given the difficulties" presented with the interpreter.

A new interpreter was appointed the following day. Though the new interpreter held a medical translation certificate and had translated in traffic court, this was her first criminal trial. Defense counsel objected to her qualifications but offered no alternative interpreter when the court inquired.

Trial then proceeded with the replacement interpreter. At trial, the complainant and Appellant offered vastly different accounts about what occurred during the incident. Appellant testified that when the complainant showed him her apartment, she mentioned not having enough money for wireless internet access. When he offered to share his Wi-

Fi password, the complainant allegedly tried to hug him in gratitude. Appellant claims he pushed her away because such contact violates his cultural norms, which upset her. He denied any inappropriate touching or advances.

After the close of evidence but before closing argument, Appellant identified several claimed inaccuracies in the translation. These included whether his grandson or daughter-in-law provided a W-Fi password, when he became aware of certain emotions, and details about a walk with his wife. During trial, the court corrected two mistranslations in front of the jury regarding alleged physical contact and the timing of a prior medical condition.

**Analysis**

In a criminal proceeding, the accused has a constitutional right to confront witnesses, which includes being present and able to understand testimony. U.S. CONST. amend. VI; TEX. CONST. art. 1, § 10; *Garcia v. State*, 149 S.W.3d 135, 140 (Tex. Crim. App. 2004). For many non-English speakers, this requires appointment of an interpreter. *Baltierra v. State*, 586 S.W.2d 553, 556–59 (Tex. Crim. App. 1979) (op. on reh'g); TEX. CODE CRIM. PROC. ANN. art. 38.30(a). On appeal, Appellant argues the trial court denied his right to be present at trial by proceeding without a competent interpreter.

We understand Appellant's complaint to focus not on specific translation errors, but on whether cumulative inaccuracies demonstrate the interpreter's incompetence. The trial court's obligation to appoint and retain a competent interpreter presents a question which we review under an abuse of discretion standard. *Baltierra,* 586 S.W.2d at 557–58; *Franco v. State*, No. 04-16-00090-CR, 2017 Tex. App. LEXIS 1725, at *2 (Tex. App.—

3

San Antonio Mar. 1, 2017, pet. ref'd) (mem. op., not designated for publication); *Martins v. State*, 52 S.W.3d 459, 471 (Tex. App.—Corpus Christi–Edinburg 2001, no pet.).[3] The right to an interpreter does not guarantee a defendant a perfect trial or perfect translation of the trial. *Linton v. State,* 275 S.W.3d 493, 501–02 (Tex. Crim. App. 2009). Rather, the question is whether any inadequacy in the interpretation rendered the defendant "unable to understand the nature and objective of the proceedings against him and to assist in his own defense." *Id.* at 508.

We next examine the translation inaccuracies identified by Appellant. The record reflects two translation errors corrected during trial testimony. First, when asked on direct examination if Appellant pulled the complainant so close to him that their chests were touching, he initially answered "yes." The court then stated before the jury, "I will permit that there may have been some misunderstandings that you can go back over." When asked again, Appellant responded "No. No." Second, during direct examination about his medical history, a reference to a stroke was initially translated as occurring "eight hours ago." When counsel sought clarification, Appellant corrected this to "eight years ago."

Appellant points to three other claimed inaccuracies: concerning whether his grandson or daughter-in-law provided the Wi-Fi password for the complainant, regarding Appellant's awareness of the complainant's emotions at the time of the offense,[4] and that

---

[3] While the competence of an interpreter is determined as a matter of law, the question of translational inaccuracies presents a question of fact for the trier of fact; it is not reviewable by an appellate court. *Arefi v. State*, No. 02-18-00234-CR, 2019 Tex. App. LEXIS 7571, at *5 (Tex. App.—Fort Worth Aug. 22, 2019, pet. ref'd) (mem. op., not designated for publication).

[4] Appellant does not show the relevance of the timing when Appellant became aware the complainant was upset. Appellant clearly denied the complainant's version of the facts and presented his

4

Appellant was trying to go on a walk with his wife before entering the complainant's apartment.[5]  These alleged inaccuracies, even if proven to be true, may reflect that Appellant did not receive the best interpretive service.  However, such inaccuracies do not demonstrate the interpretive services to be constitutionally infirm absent evidence that Appellant was unable to understand the nature and objective of the proceedings against him and to assist in his own defense.  *Linton,* 275 S.W.3d at 508.

The record shows from the outset that the trial court was aware of potential language barriers and took multiple measures to ensure a fair trial.  Before voir dire, the court acknowledged this case would take longer than typical assault trials and stated it would "make every accommodation" needed for a proper result.  During Appellant's testimony, the court again offered to proceed slowly, inviting defense counsel to bring concerns about understanding to the court's attention, "and I will try to rectify the matter." Despite these accommodations, Appellant never indicated an inability to understand proceedings or communicate with counsel.  *See Linton*, 275 S.W.3d at 508 (defendant must show inability to understand proceedings or assist in defense).  Instead, Appellant acknowledged hearing and understanding the complainant's testimony, and then provided detailed testimony about his version of events.

Given the trial court's attentiveness to translation concerns and Appellant's ability to participate in his defense, we conclude the interpretation services provided to him were

---

own account of the occurrence highlighting that the complainant became upset when, for reason of culture, he refused her attempted hug.

[5] The record contains some testimony that Appellant and his wife went for a walk, followed by the complainant asking him to come see her apartment.

constitutionally adequate.  We find no abuse of discretion and overrule Appellant's sole issue.

## Conclusion

Having overruled Appellant's issue, we affirm the judgment of the trial court.


Lawrence M. Doss
Justice


Do not publish.